Parker C. J.
observed, in substance, that the Court, were of opinion, that it was not within their authority to have the evidence in this case taken in the manner before mentioned. The Court have no authority to cause depositions to be taken except where such authority is given by statute. It was argued, that it was probably the intention of the legislature to make a difference between the plaintiff and defendant, in saying that the plaintiff shall sioear, and that the defendant shall come into court. But the answer to this is satisfactory, that the plaintiff is presumed to be in court. It may be said that the cause may be delayed a long time, if it is requisite for the plaintiff to come into court ; but on the other hand, the evidence might be taken out of court in a way to meet the defendant’s oath improperly. There might be more danger of false swearing, than where the party is under the influence of the solemnity of a court. We know of no case in which a party has the benefit of his own oath upon a trial, except where the oath is administered in court. Thus in the case of book accounts ; a man might fail to substantiate such charges, in consequence of being unable to come into court to make oath to them, but we do not recollect an instance in which his oath has been taken out of court. Probably the object of the statute in question was, that the oath of the defendant should be met by an oath administered with the same solemnity. The inconvenience arising from the creditor’s ill health may generally be met, by delaying the cause until he gets well ; and if he dies, the oath of the debtor will not be admitted against his executor or administrator.